# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TITUS W. HOBBS, | § | |
| | § | No. 573, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| v. | § | |
| | § | Cr. ID 1310010002 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  May 20, 2016[1]
Decided:   July 5, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 5th day of July 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm,[2] and the record below, it appears to the Court that:

(1)    The appellant, Titus W. Hobbs, filed this appeal from a Superior Court order sentencing him for Driving Under the Influence ("DUI").  The State of

---

[1] The motion to affirm was filed on March 23, 2016, but was held in abeyance pending preparation of the transcript of the guilty plea colloquy.  The transcript was filed with the Court on May 20, 2016.

[2] After the filing of the motion to affirm, Hobbs moved for leave to amend his opening brief to replace an incorrect exhibit in his appendix with the correct document and to add a claim that testimony was omitted from transcript excerpt of a suppression hearing. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court.  The Court did not request a response and finds no cause to permit a response in this case, but will accept the corrected appendix exhibit.

Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Hobbs' opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in January 2014, a Kent County grand jury indicted Hobbs for Driving Under the Influence ("DUI"). Hobbs filed a motion to suppress on April 1, 2014 and an amended motion to suppress on April 23, 2014. Hobbs argued that his statements, the field test results, and Breathalyzer test results should be suppressed because the police did not have reasonable articulable suspicion to stop him. After a hearing, the Superior Court denied the motion on September 16, 2014.

(3) On October 28, 2014, Hobbs filed a motion to suppress or in the alternative a motion in limine to prohibit evidence of the intoxilyzer test results because the proper procedures were not followed. Hobbs' counsel filed a motion to withdraw, which the Superior Court granted. New counsel entered an appearance for Hobbs.

(4) On July 21, 2015, Hobbs pled guilty to his fifth DUI. On September 29, 2015, Hobbs was sentenced to five years of Level V incarceration, suspended after eighteen months and successful completion of the Reflections Program for one year of Level III probation. This appeal followed.

(5) After the notice of appeal was filed, Hobbs filed an affidavit requesting leave to dismiss his counsel and to represent himself on appeal. We remanded the matter to the Superior Court for a hearing on Hobbs' request. The Superior Court determined that Hobbs' decision to represent himself on appeal was made knowingly and voluntarily. After the matter was returned to this Court from remand, we granted Hobbs' request to exercise his right to self-representation and granted his counsel leave to withdraw.

(6) Hobbs' claims on appeal may be summarized as follows: (i) his guilty plea was not knowing and voluntary because he was not informed of certain essential elements of DUI; (ii) he cannot be guilty of DUI because his counsel informed the Superior Court during the September 2014 suppression hearing that his situation did not meet the statutory elements of DUI; and (iii) the police lacked reasonable articulable suspicion to approach him and failed to follow the procedures for an intoxilyzer test.

(7) The disposition of Hobbs' claims hinges on this Court's determination of whether Hobbs entered a knowing and voluntary guilty plea. A knowing and voluntary guilty plea waives any objection to alleged errors and defects occurring

3

before entry of the plea.[3] The record in this case reflects that Hobbs knowingly and voluntarily entered his guilty plea.

(8) In the Truth-In-Sentencing Guilty Plea Form, Hobbs indicated that he freely and voluntarily decided to plead guilty, no one forced him to plead guilty, and he understood that he was waiving certain constitutional rights by pleading guilty. During his guilty plea colloquy with the Superior Court, Hobbs stated that he understood he was waiving certain constitutional rights by pleading guilty, no one had forced him to plead guilty, and that he was guilty of DUI. In the absence of clear and convincing evidence to the contrary, Hobbs is bound by these representations.[4] To the extent Hobbs claims his counsel was ineffective for failing to inform him of certain essential elements of DUI, we will not consider a claim for ineffective assistance of counsel for the first time on direct appeal.[5] Hobbs' knowing and voluntary guilty plea constitutes a waiver of his claims regarding his motion to suppress and the suppression hearing.

---

[3] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988).
[4] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[5] *Johnson v. State*, 967 A.2d 234, 233-34 (Del. 2009).

4

NOW, THEREFORE, IT IS ORDERED that the Motion for Leave to Amend is DENIED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice